**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW FORTSON, | ) | CASE NO. 1:15CV2078 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SOLOMON OLIVER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| LASHAUNN EPPINGER, | ) | |
| | ) | **ORDER** |
| | **)** | (Doc. No. 17) |
| Respondent. | ) | |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is Petitioner Andrew Fortson's "Application for Appointment of Habeas Counsel and Standing Motion for Leave to Amend if Counsel is Appointed."[1] (Doc. No. 17.) For the following reasons, and to the extent Petitioner is moving the Court for appointment of counsel, leave to conduct discovery, and/or an evidentiary hearing, Petitioner's motion is DENIED.

On October 7, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence in *State v. Fortson*, Cuyahoga Court of Common Pleas Case Nos. CR 99 385443. (Doc. No. 1.) On February 12, 2016, Respondent filed a Motion to Dismiss the petition as time-barred. (Doc. No. 9.) This motion rested entirely on Respondent's argument that Fortson's petition was untimely under 28 U.S.C. § 2244(d), and did not address either the merits of Petitioner's claims or any potential issues regarding exhaustion and/or procedural

---

[1] The motion is actually captioned as a hybrid Reply to Respondent's Objections to the Magistrate Judge's Order and a motion for appointment of counsel.

default.

On February 24, 2016, the undersigned magistrate judge issued an Order denying Respondent's motion without prejudice subject to the filing of the Return. (Doc. No. 10.) In that Order, the undersigned magistrate judge found that "this matter presents a complex factual and procedural history, including the filing of a previous federal habeas petition as well as numerous state habeas petitions, motions for new trial, and petitions for post-conviction relief." (*Id.*) The Court ordered Respondent to file a Return that presents "a complete response to the petition," including arguments relating to the statute of limitations, any applicable arguments regarding exhaustion and/or procedural default, and the merits of Petitioner's claims. (*Id.*)

On February 29, 2016, Respondent filed Objections to the above Order. (Doc. No. 13.) These Objections remain pending before the district court judge.

On March 16, 2016, Petitioner filed a document entitled "Reply to Respondent's Objections to Magistrate's Order (Doc. # 13)/ Application for Appointment of Habeas Counsel and Standing Motion for Leave to Amend if Counsel is Appointed." (Doc. No. 17.) In this filing, Petitioner argues that "the complex factual and procedural history of Petitioner's case should require the assistance of habeas counsel to sort out the serious and complex issues of law and fact, including conducting any further investigation, discovery, and development of matters at an evidentiary hearing pertaining to the procedural defenses raised by Respondent and Petitioner's showing of actual innocence." (*Id.* at 5.)

The fact that Petitioner captions his filing as both a "Reply to Respondent's Objections" and an "Application for Appointment of Habeas Counsel" makes it unclear

2

whether Petitioner's filing is directed towards the district court judge or the undersigned magistrate judge. To the extent Petitioner requests appointment of counsel, leave to conduct discovery, and/or an evidentiary hearing, these matters fall within the referral of this matter to the undersigned magistrate judge and Petitioner's filing should have been so directed. The undersigned magistrate judge will address these issues, below.

### A. Appointment of Counsel

A petitioner in a habeas proceeding has no constitutional right to counsel. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). However, an indigent petitioner seeking to vacate or to set aside a death sentence has a statutory right to appointed counsel, as well as expert and investigative services. 18 U.S.C. § 3599(a)(2). Moreover, in both capital and non-capital cases, the court must appoint counsel for an indigent petitioner when an evidentiary hearing is required or when necessary for the petitioner's effective utilization of discovery. *See* 28 U.S.C. § 2254 Rule 6(a) (2014). In all other circumstances, the court has considerable discretion in deciding whether to appoint counsel. *See* 28 U.S.C. § 2254(h) ("Appointment of counsel under this section shall be governed by section 3006A of title 18."). 18 U.S.C. § 3006A(a)(2)(B) provides in part:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [§ 2254].

In deciding whether to grant a petitioner's motion for appointment of counsel, a court should consider the following factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the

3

nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. See [Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir. 1992)](#).

Petitioner's request for appointment of counsel is denied as premature. Although the undersigned magistrate judge has remarked upon the complex factual and procedural history of this matter, the Court does not yet have before it a complete record that fully addresses the merits of the petition. Given the existing record, the undersigned magistrate judge cannot conclude, at this stage of the proceedings, that appointment of counsel is warranted. The Court recognizes the difficulties that *pro se* litigants face when seeking a writ of habeas corpus. Nevertheless, the Court has extremely limited resources to provide attorneys for *pro se* litigants, and it will do so only when exceptional circumstances warrant. As the Court does not yet have a complete record upon which to determine that exceptional circumstances exist in this case, Petitioner's request for appointment of counsel is denied.

### B. Discovery and an Evidentiary Hearing

Although Petitioner does not expressly request leave to conduct discovery and an evidentiary hearing, he explains in his motion that he needs counsel "to investigate, find witnesses who made the statements contained in the detective supplements attached to Petitioner's motions for new trial in the state courts. . . , to conduct any further discovery or depositions that may be requested by appointed counsel and/or ordered by this court, and to represent Petitioner at an evidentiary hearing upon counsel's request to augment the evidentiary basis and/or the court should find any

4

factual disputes are present." (Doc. No. 17 at 5.)

To the extent Petitioner is requesting discovery and/or an evidentiary hearing, these requests are similarly denied as premature. A habeas petitioner's entitlement to discovery and/or an evidentiary hearing in federal court is greatly circumscribed, particularly where the petitioner seeks review of claims adjudicated by the state courts.[2] *See Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011) (finding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." ) Without a full and complete Response to the Petition, the undersigned magistrate judge cannot conclude that discovery and/or an evidentiary hearing are warranted in the instant case.

Accordingly, Petitioner's requests for appointment of counsel, leave to conduct discovery, and an evidentiary hearing are DENIED. (Doc. No. 17.) In the event it becomes apparent to the Court that appointment of counsel is necessary, or that matters outside the state court record need to be developed, the Court will reconsider Petitioner's requests at that time.

**IT IS SO ORDERED.**

Date: March 17, 2016 /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

---

[2] Moreover, even when a petitioner is able to demonstrate the need for limited discovery or expansion of the record, such a showing does not, in and of itself, necessarily demonstrate the need for appointment of counsel.