**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW FORTSON, | ) | CASE NO. 1:15CV2078 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SOLOMON OLIVER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| LASHAUNN EPPINGER, | ) | |
| | ) | **ORDER** |
| | **)** | (Doc. No. 22) |
| Respondent. | ) | |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is Petitioner Andrew Fortson's "Motion for Jurisdiction," in which he seeks leave to amend his petition to assert an additional ground for relief. (Doc. No. 22.) For the following reasons, Petitioner's motion is GRANTED.

**I.      Procedural Background in this Court**

On October 7, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence in *State v. Fortson*, Cuyahoga Court of Common Pleas Case Nos. CR 99 385443. (Doc. No. 1.) This petition raises seven grounds for relief, several of which assert numerous sub-parts. (*Id.*) On February 12, 2016, Respondent filed a Motion to Dismiss the petition as time-

barred. (Doc. No. 9.) This motion rested entirely on Respondent's argument that Fortson's petition was untimely under 28 U.S.C. § 2244(d), and did not address either the merits of Petitioner's claims or any potential issues regarding exhaustion and/or procedural default.

On February 24, 2016, the undersigned magistrate judge issued an Order denying Respondent's motion without prejudice subject to the filing of the Return. (Doc. No. 10.) In that Order, the undersigned magistrate judge found that "this matter presents a complex factual and procedural history, including the filing of a previous federal habeas petition as well as numerous state habeas petitions, motions for new trial, and petitions for post-conviction relief." (*Id.*) The Court ordered Respondent to file a Return that presents "a complete response to the petition," including arguments relating to the statute of limitations, any applicable arguments regarding exhaustion and/or procedural default, and the merits of Petitioner's claims. (*Id.*)

On February 29, 2016, Respondent filed Objections to the above Order. (Doc. No. 13.) On April 1, 2016, District Judge Oliver overruled Respondent's Objections and ordered Respondent to file a complete Answer/ Return of Writ as ordered by the undersigned. (Doc. No. 21.)

On April 7, 2016, Petitioner filed a "Motion for Jurisdiction," in which he seeks leave to amend his petition to add an additional ground for relief (Ground Eight) challenging his indictment and conviction on an allegedly "expired" conspiracy count. (Doc. No. 22.)

On April 20, 2016, Respondent filed a response indicating that "[i]n the ordinary case, Respondent would object because the proposed ground that Fortner wishes to

2

add is time-barred by the AEPDA statute of limitations and should not withstand a motion to dismiss." (Doc. No. 24.) Because this Court "rejected" Respondent's Motion to Dismiss this petition as time-barred, however, Respondent complains "it would appear that Respondent's objection to the amendment on that basis would be futile." (*Id.* at 2.) Therefore, since he has not yet filed his Return of Writ, Respondent states that he does not oppose Petitioner's motion to amend and indicates "any further defenses to this ground, as well as Petitioner's prior seven grounds, will be included in" the Return. (*Id.*)

## II.    Law and Analysis

It is well established that Rule 15 of the Federal Rules of Civil Procedure applies to a habeas petitioner's request for leave to amend his petition.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  *See also Glenn v. Coleman*, 2014 WL 4983661 at * 5 (N.D. Ohio Oct. 6, 2014( Helmick, J. adopting report and recommendation of White, M.J.); *Shank v. Mitchell*, 2013 WL 3208554 at *3 (S.D. Ohio June 24, 2013).  Under Rule 15(a), a party may amend his or her pleadings once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15.  Otherwise, the party may amend only with the opposing party's written consent or by leave of court, which "shall be freely given when justice so requires." *Id*.  *See also Mayle*, 545 U.S. at 655.

As Respondent already filed a responsive pleading (i.e., his February 12, 2016 Motion to Dismiss), leave of court must be obtained before Petitioner may amend his petition.  In determining whether leave should be granted, a habeas court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous

3

amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994.)) *See also Powers v. Beightler*, 2010 WL 649623 at * 1 (N.D. Ohio Feb. 19, 2010) (Pearson, J.) (Pearson, J.). If a proposed amendment lacks merit on its face, it is deemed futile. *See e.g., Moss v. United States*, 323 F.3d 445, 475 (6th Cir. 2003). In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Kottmyer v. Maas*, 436 F.3d 684, 691–92 (6th Cir. 2006); *Hall v. Clipper*, 2011 WL 2671310 at * 11 (N.D. Ohio July 8, 2011) (Vecchiarelli, M.J.).

Petitioner's request for leave to amend his petition is GRANTED. As Respondent's Answer/Return of Writ has not yet been filed, the Court finds no undue delay or prejudice in allowing amendment at this time. Moreover, Respondent has not argued amendment would be futile on any ground other than the statute of limitations. The Court has already determined, however, that "a complete response to the petition" is necessary, including arguments relating to the statute of limitations, any applicable arguments regarding exhaustion and/or procedural default, and the merits of Petitioner's claims. (Doc. No. 10.) The Court cannot say, therefore, that it would be futile to allow amendment at this time based solely on Respondent's assertion that the petition is time-barred. Lastly, Respondent does not otherwise object to Petitioner's motion and has represented that he will address this ground in his Return.

Accordingly, in addition to the seven grounds for relief asserted in the initial petition, Petitioner's petition will be deemed to also assert Ground Eight, as set forth in his Motion for Jurisdiction. (Doc. No. 22.) Respondent shall address this claim in the

Answer/Return of Writ, along with Petitioner's previously asserted seven grounds for relief.

    **IT IS SO ORDERED.**


Date: April 25, 2016                                    */s/ Nancy A. Vecchiarelli*
                                                                             United States Magistrate Judge